UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDRE R. TUCKER,

      Plaintiff,

  v.                              **Civil Action 2:20-cv-5335**
                                          **Judge Sarah D. Morrison**
                                        **Magistrate Judge Chelsey M. Vascura**

ALVIS, INC., *et al.*,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, a former employee of Alvis, INC., brings this action under 42 U.S.C. § 1981 and related Ohio state statutes against Defendants, Alvis, INC. and Christine L. Franz, alleging, *inter alia*, that Defendants discriminated against Plaintiff on the basis of race.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Brown v. Bargery*, 207 F.3d 863, 865, n.2 (6th Cir. 2000).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Plaintiff's request to proceed *in forma*

*pauperis* is **GRANTED**. Plaintiff is permitted to prosecute this action without prepayment of fees or costs, and any judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

## I.

According to the Complaint, Plaintiff began working for Defendant Alvis, INC. as an Accounts Payable Clerk in March 2019. (Compl. ¶ 6, ECF No. 1.) In his application, he had disclosed a 2015 felony theft conviction. (*Id.* at ¶ 4–5.) On March 26, 2019, Plaintiff confirmed to Defendant Franz, the Human Resources Director, that he had a 2015 felony theft conviction. (*Id.* at ¶ 7–9.) Defendant Franz then terminated Plaintiff and explained to him that he could not work at Alvis, INC. in a financial-related position until two years after the completion of his sentence. (*Id.* at ¶ 10.) Defendant Franz and another Alvis, INC. employee encouraged Plaintiff to apply for other, non-financial positions. (*Id.* at ¶ 11.) Between March 2019 and October 2020, Plaintiff applied for seventeen different positions, and Defendant Alvis, INC. either rejected the applications or did not consider them. (*Id.* at ¶ 23.) Plaintiff alleges that he is qualified for the positions for which he applied and that he "believes" that Defendant Alvis, INC. hired non-Black individuals for the positions. (*Id.* at ¶ 52.) Citing Defendants' failure to hire him for these positions, Plaintiff further alleges that Defendants discriminated and retaliated against him in violation of § 1981 and Ohio Revised Code § 4112.02. (*Id.* at ¶ 50–74.) Additionally, Plaintiff asserts state-law claims for breach of contract and wrongful discharge. (*Id.* at ¶ 75–84.) Plaintiff seeks declaratory and injunctive relief, as well as money damages. (*Id.* at 85–92.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>                      *       *       *
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it

3

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III.

Plaintiff asserts the following causes of action: (1) race discrimination under 42 U.S.C. § 1981; (2) retaliation under 42 U.S.C. § 1981; (3) race discrimination under Ohio Revised Code § 4112.02; (4) retaliation under Ohio Revised Code § 4112.02; (5) breach of contract; and (6) wrongful termination.

The undersigned first considers Plaintiff's federal claims before turning to his state-law claims.

4

**A.      42 U.S.C. § 1981—Race Discrimination**

Plaintiff asserts that Defendants discriminated against him based upon his race in violation of § 1981.  (Compl. ¶ 50–58, ECF No. 1.)  More specifically, Plaintiff alleges that he, "a Black man, applied to [eighteen] open employment opportunities with Alvis which he was qualified to hold.  Alvis, INC. rejected [seventeen] of Plaintiff's applications for employment and terminated his contract as the Accounts Payable Clerk in March 2019."  (*Id.* at ¶ 52.)  Plaintiff adds that he "believes" Defendants hired non-Black individuals for the positions for which he had applied.  (*Id.*)

To establish a *prima facie* case of employment discrimination under 42 U.S.C. § 1981, a plaintiff must show that

> his employment terms vary from those which his employer accords to similarly situated white workers.  This can be shown by proof either that intentional racial prejudice entered into his treatment or that a facially neutral practice . . . operates discriminatorily against minority employees.

*Long v. Ford Motor Co.,* 496 F.2d 500, 505–06 (6th Cir. 1974).

Here, Plaintiff's allegation that he "believes" that Defendant Alvis, INC. hired less qualified white individuals is conclusory and unaccompanied by allegations upon which the Court can rely to draw such an inference.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 662.  Plaintiff's unsupported speculation, absent plausible allegations upon which the Court could rely to infer that Plaintiff was terminated (and/or not hired for various positions) because of his race, renders his § 1981 discrimination claim insufficient.  *See, e.g., Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination pursuant to Rule 12(b)(6) where the plaintiff had failed to "plausibly show that the . . . adverse employment decision . . . was a result of discrimination based upon his race or

his gender," explaining that the "Court is not required to accept the inferences drawn by [the] [p]laintiff"); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (the plausibility standard "applies to causation in discrimination claims"). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's § 1981 discrimination claim be **DISMISSED** for failure to state a claim on which relief may be granted.

## B.     42 U.S.C. § 1981—Retaliation

Plaintiff also alleges that Defendants retaliated against him for filing complaints with the Equal Employment Opportunity Commission ("EEOC") in violation of § 1981. (Compl. ¶ 59–65, 71–74, ECF No. 1.)

To make a *prima facie* case of retaliation under 42 U.S.C. § 1981 a plaintiff must show:

> (1) she engaged in a protected activity; (2) her "exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action."

*Rogers v. Henry Ford Health Sys.,* 897 F.3d 763, 775 (6th Cir. 2018) (quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014).

Applied here, even assuming Plaintiff has sufficiently alleged the first three factors, he has once again failed to sufficiently allege the requisite causal connection between the alleged protected activity and the unlawful adverse action. Rather, Plaintiff alleges, without further support, that his "protected activities had a determinative effect on the retaliatory activity by Defendants." (*Id.* at ¶ 62.) Plaintiff's conclusory allegations of retaliation are insufficient. *See Iqbal*, 556 U.S. at 662; *Taylor v. Donahoe*, 452 F. App'x 614, 617, 620 (6th Cir. 2011) (upholding trial court's dismissal of a retaliation claim where the plaintiff alleged retaliation "without much development"); *see also Alexander v. Jackson*, No. 05-73073, 2008 WL 559518, at *2 (E.D. Mich. Feb. 27, 2008) (concluding that the plaintiff's retaliation claim could not

survive a 12(b)(6) motion where the plaintiff failed to "plausibly show a causal connection"
between the protected activity and alleged adverse action). Because Plaintiff's complaint lacks
plausible allegations upon which this Court could rely to conclude that Defendants retaliated
against him because he filed EEOC complaints, it is **RECOMMENDED** that his § 1981
retaliation claims be **DISMISSED** for failure to state a claim on which relief may be granted.

**C.      Plaintiff's State-Law Claims**

Because it is recommended that Plaintiff's federal-law claims be dismissed, it is further
**RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's
state-law discrimination, retaliation, breach of contract, and wrongful termination claims and that
the Court **DISMISS** those claims **WITHOUT PREJUDICE** to filing in state court. *See* 28
U.S.C. § 1367(c)(3); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal
claims are dismissed before trial, the state claims generally should be dismissed as well.")
(internal quotation marks and citation omitted).

## IV.      DISPOSITION

In sum, Plaintiff's motion seeking leave to proceed *in forma pauperis* is **GRANTED**.
(ECF No. 1.) In addition, for the reasons set forth above, it is **RECOMMENDED** that
Plaintiff's federal claims be **DISMISSED** for failure to state a claim pursuant to § 1915(e)(2)
and that the Court decline to exercise supplemental jurisdiction over his state-law claims and
**DISMISS** those claims **WITHOUT PREJUDICE** to filing in state court.

## V.      PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen
(14) days of the date of this Report, file and serve on all parties written objections to those
specific proposed findings or recommendations to which objection is made, together with
supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE