**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANDRE R. TUCKER,**

      **Plaintiff,**

   v.                                      **Civil Action 2:20-cv-5335
                                         Judge Sarah D. Morrison
                                         Magistrate Judge Chelsey M. Vascura**

**ALVIS, INC.,** *et al.***,**

      **Defendants.**


**REPORT AND RECOMMENDATION**

      Plaintiff, a former employee of Alvis, Inc. ("Alvis"), brings this action under 42 U.S.C. § 1981 and related Ohio statutes against Alvis and Christine L. Franz and Toni Smith, managers of the human resources department at Alvis (collectively "Defendants"). Plaintiff alleges, *inter alia*, that Defendants discriminated against Plaintiff on the basis of race. This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that Plaintiff be **PERMITTED TO PROCEED** with his federal and state-law claims related to the positions for which Defendants hired Ms. Hailey Fortson, Mr. James Hagerman, and Ms. Julianne Winston. It is further **RECOMMENDED** that the Court **DISMISS**

Plaintiff's remaining claims pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

I.

Plaintiff's original Complaint advanced the following causes of action: (1) race discrimination under 42 U.S.C. § 1981; (2) retaliation under 42 U.S.C. § 1981; (3) race discrimination under Ohio Revised Code § 4112.02; (4) retaliation under Ohio Revised Code § 4112.02; (5) breach of contract; and (6) wrongful termination. The undersigned summarized the allegations in Plaintiff's original Complaint as follows:

> According to the Complaint, Plaintiff began working for Defendant Alvis, INC. as an Accounts Payable Clerk in March 2019. (Compl. ¶ 6, ECF No. 1.) In his application, he had disclosed a 2015 felony theft conviction. (*Id.* at ¶ 4–5.) On March 26, 2019, Plaintiff confirmed to Defendant Franz, the Human Resources Director, that he had a 2015 felony theft conviction. (*Id.* at ¶ 7–9.) Defendant Franz then terminated Plaintiff and explained to him that he could not work at Alvis, INC. in a financial-related position until two years after the completion of his sentence. (*Id.* at ¶ 10.) Defendant Franz and another Alvis, INC. employee encouraged Plaintiff to apply for other, non-financial positions. (*Id.* at ¶ 11.) Between March 2019 and October 2020, Plaintiff applied for seventeen different positions, and Defendant Alvis, INC. either rejected the applications or did not consider them. (*Id.* at ¶ 23.) Plaintiff alleges that he is qualified for the positions for which he applied and that he "believes" that Defendant Alvis, INC. hired non-Black individuals for the positions. (*Id.* at ¶ 52.) Citing Defendants' failure to hire him for these positions, Plaintiff further alleges that Defendants discriminated and retaliated against him in violation of § 1981 and Ohio Revised Code § 4112.02. (*Id.* at ¶ 50–74.) Additionally, Plaintiff asserts state-law claims for breach of contract and wrongful discharge. (*Id.* at ¶ 75–84.) Plaintiff seeks declaratory and injunctive relief, as well as money damages. (*Id.* at 85–92.)

(Oct. 20 R. & R., ECF No. 3 at PAGEID #: 112.)

In the October 20, 2020 Order and Report and Recommendation (ECF No. 3), the undersigned concluded that Plaintiff's § 1981 claims lacked sufficient factual support and therefore recommended that those claims be dismissed for failure to state a claim pursuant to § 1915(e)(2) and further recommended that the Court decline to exercise supplemental

2

jurisdiction over Plaintiff's state-law claims and dismiss those claims without prejudice to filing in state court.

Plaintiff timely filed an Objection, citing "newly discovered evidence," and requested that he be permitted to file an Amended Complaint.  (ECF No. 4.)  The undersigned granted Plaintiff leave to amend, and Plaintiff filed the at-issue Amended Complaint on November 17, 2020.  (ECF Nos. 5, 6.)

Plaintiff's Amended Complaint, like his original Complaint, alleges race discrimination and retaliation in violation of § 1981, as well as a number of state-law claims against Alvis and Christine Franz, the former managing director of human resources at Alvis.  His Amended Complaint largely repeats the allegations set forth in his Complaint.  Plaintiff alleges that he applied for twenty[1] positions for which he was qualified and that Alvis either rejected his applications or did not consider them.  Plaintiff also names an additional Defendant in his Amended Complaint, Toni Smith, the current managing director of human resources at Alvis, and generally alleges that Defendant Smith "participated in the discriminatory, retaliatory, and otherwise unlawful employment decisions and actions taken . . . ."  (Am. Compl., ECF No. 6 at PAGED #: 131.)  Significantly, however, Plaintiff pleads additional facts relating to three instances in which he alleges that Defendants failed to hire him based upon his race.  First, Plaintiff alleges that Defendants hired Ms. Hailey Fortson, a white woman, for the position of Community Reentry Specialist, further alleging that Ms. Fortson's experience as a lifeguard and retail employee renders her less qualified than Plaintiff for that position.  Second, Plaintiff alleges that Defendants hired Mr. James Hagerman, a white man, for the position of Community Relations Specialist, and that Mr. Hagerman's experience as a freelance writer and writing intern

---

[1] In his original Complaint, Plaintiff alleged that he applied to seventeen positions.  (Compl., ECF No. 2 at ¶ 23.)

3

renders him less qualified than Plaintiff for that position.  Finally, Plaintiff alleges that he was more qualified than Ms. Julianne Winston, a white woman who Defendants hired for an Accounting Supervisor and Accounts Payable position.  In terms of relief, Plaintiff seeks declaratory and injunctive relief, as well as money damages.  (*Id.* at ¶ 89–96.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*      \*      \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

4

Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers."  *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**III.**

**A.    Plaintiff's Federal Claims**

As explained in the undersigned's October 20, 2020 Order and Report and Recommendation (ECF No. 3), Plaintiff's § 1981 race discrimination claims, as pled in his original Complaint, lacked sufficient factual support.  In his Amended Complaint (ECF No. 6), Plaintiff corrects this deficiency with respect to three instances in which he alleges that Defendants failed to hire him based upon his race, specifically his discrimination claims challenging the hiring process for the following positions:  (1) Community Reentry Specialist, for which Defendants hired Ms. Fortson; (2) Community Relations Specialist, for which Defendants hired Mr. Hagerman; and (3) the Accounting Supervisor and Accounts Payable Representative, for which Defendants hired Ms. Winston.  It is therefore **RECOMMENDED** that Plaintiff be permitted to proceed on these three claims.

For the reasons set forth it in the October 20, 2020 Order and Report and Recommendation, which is incorporated here by reference, it is **RECOMMENDED** that all Plaintiff's remaining federal claims, including his remaining § 1981 discrimination and retaliation claims, be **DISMISSED** under 28 U.S.C. 1915(e)(2) for failure to state a claim on which relief can be granted.  (ECF No. 3 at PAGEID ## 115–17.)

**B.    Plaintiff's State-Law Claims**

**1.    Discrimination and Retaliation Claims**

Plaintiff's state-law discrimination and retaliation claims, brought pursuant to Ohio Revised Code § 4112, are subject to the same disposition as his federal discrimination and retaliation claims.

Federal courts analyzing § 1981 claims "follow the burden-shifting framework that the Supreme Court has prescribed for analogous civil rights cases described in *McDonnell Douglas*

6

*v. Green*, 411 U.S. 792 (1973), and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)." *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006). Moreover, "federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000e *et seq*., Title 42, U.S. Code, is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St.2d 192, 196 (1981) (citations omitted); *see also Noble v. Brink Int'l, Inc*., 391 F.3d 715, 720 (6th Cir. 2004) (same). Consequently, courts analyze federal and state-law claims of discrimination together. *See, e.g.*, *Fletcher v. U.S. Renal Care*, 709 F. App'x 347, 351 n.1 (6th Cir. 2017) ("Because the Ohio courts analyze discrimination claims brought under Ohio law according to the same standards as claims under federal law . . . our analysis of [the plaintiff's] federal claims disposes of his state law claims as well."); *Kuhn v. Washtenaw Cty*., No. 10-11191, 2012 WL 1229890, at *6 n.3 (E.D. Mich. Apr. 12, 2012), *aff'd* 709 F.3d 614 (6th Cir. 2013) (analyzing Title VII racial discrimination claims, § 1981 claims, and state-law discrimination claims together, explaining that the same standards apply).

Accordingly, for the reasons discussed in connection with the consideration of Plaintiff's federal claims, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his state-law discrimination claims challenging the hiring process for the following positions: (1) Community Reentry Specialist, for which Defendants hired Ms. Fortson; (2) Community Relations Specialist, for which Defendants hired Mr. Hagerman; and (3) the Accounting Supervisor and Accounts Payable Representative, for which Defendants hired Ms. Winston; and that his remaining state-law discrimination and retaliation claims be **DISMISSED**.

### 2. Breach-of-Contract Claim

In his Amended Complaint, Plaintiff alleges that he entered into a contract of employment with Alvis in February 2019 and that Defendants breached that contract in March 2019, when he was terminated from employment. Plaintiff attaches as an exhibit an offer-of-employment letter that he characterizes as his employment contract. That offer-of-employment letter, which Plaintiff signed, specifically states that Plaintiff "acknowledges that Alvis is an 'At Will' organization," (ECF No. 6-2 at PAGEID # 149).

As this Court has recently explained:

> To succeed on a claim for breach of contract an employee " 'must show: (1) the existence of a binding contract,' (2) performance of the contract by the employee, (3) breach of the contract by the employer, and (4) damage to the employee caused by the employer's breach." *Godfrey v. Mastec, Inc.*, No. 1:15-cv-409, 2015 WL 7570209, at *4, 2015 U.S. Dist. LEXIS 159259, at *11–12 (S.D. Ohio Nov. 25, 2015) (citing *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150, 154 (Ohio 1985)). Ohio case law regarding employment contracts contains "a strong presumption in favor of a contract terminable at will unless the terms of the contract or other circumstances clearly manifest the parties' intent to bind each other." *Mers*, 483 N.E.2d at 153 n.1. Generally, employment contracts are "terminable at the will of either party." *Id.*

*Leeper v. HealthScope Benefits*, No. 2:19-cv-5401, 2020 WL 1290089, at *6 (S.D. Ohio Mar. 18, 2020). As relevant here, "'Ohio appellate courts considering breach of contract claims based upon an offer letter indicating at-will employment, have found that an indication of the duration of the expected employment is necessary' in order for the offer letter to constitute a contract." *Id.* at *7 (quoting *Godfrey*, 2015 WL 7570209, at *4, 2015 U.S. Dist. LEXIS 159259 at *12); *cf. Wing v. Anchor Media Ltd. of Tx.*, 59 Ohio St. 3d 108, syllabus (1991) ("Absent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employee handbook.").

8

Applied here, Plaintiff's Amended Complaint contains no allegations upon which the Court could rely to find there existed a binding contract of employment.  The offer letter Plaintiff attaches does not specify the duration of expected employment and contains a disclaimer that Alvis is an at-will organization, further demonstrating that no contractual relationship existed.  Under Ohio law, an at-will employee "may be terminated at any time for any lawful reason or for no reason at all."  *Herrington v. DaimlerChrysler Corp.*, 262 F.Supp.2d 861, 864 (N.D. Ohio 2003).  Although limited exceptions to this doctrine exist, Plaintiff has not pled any facts upon which the Court could rely to conclude that any such exception applies.  For this reason, it is **RECOMMENDED** that Plaintiff's state-law breach-of-contract claim be **DISMISSED**.

### 3. Public Policy Claim

In his Amended Complaint, Plaintiff alleges that Defendants' termination of his employment and also Alvis's refusal to hire him for the positions for which he applied violates Ohio's "public policy of employing ex-offenders."  (Am. Compl., ECF No. 6 at PAGEID #: 144.)

Ohio law recognizes "a cause of action in tort for wrongful discharge in violation of public policy."  *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 242 (2002) (plurality opinion) (citations omitted).  To advance such a cause of action requires a showing that a "clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element)."  *Dohme v. Eurand Am., Inc.*, 130 Ohio St. 3d 168, 171 (2011) (citations omitted).

Plaintiff's allegation that Ohio has a "public policy of employing ex-offenders," (Am. Compl., ECF No. 6 at PAGEID #: 144), amounts to an unsupported legal conclusion, which this Court need not accept as true.  *Iqbal*, 556 U.S. at 678–79 ("[T]he tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Dohme*, 130 Ohio St.3d at 171 ("The clarity and jeopardy elements . . . are issues of law for the court's determination . . . ." (citation omitted)).

Because the undersigned is unaware of any statutory support or case law authority demonstrating that such a "clear public policy" exists in Ohio, it is **RECOMMENDED** that Plaintiff's state-law public policy claim be **DISMISSED**.

### IV.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff be **PERMITTED TO PROCEED** with his federal and state-law claims related to the positions for which Defendants hired Ms. Hailey Fortson, Mr. James Hagerman, and Ms. Julianne Winston.  It is further **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE